[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket Number CR4-118139;
Karen Goodrow, Esq., Assistant Public Defender, for Petitioner.
Eva Lenczewski, Esq., Assistant State's Attorney, for the State.
SENTENCE AFFIRMED.
BY THE DIVISION: The petitioner was originally convicted after a trial by jury of the following crimes. Aiding Robbery in the First Degree, Sec. 53a 134(a)(2) and53a-8; Conspiracy to Commit Robbery in the First Degree, Sec.53a-134 and 53a-48; Aiding Kidnapping in the First Degree with a Firearm, Sec. 53a-92 ( a) and 53a-8; and Conspiracy to Commit Murder, Sec. 53a-54a and 53a-48. On January 24, 1986 he was sentenced on the above charges, as follows:
First Count:
Aiding Robbery in the First Degree — Five Years
Second Count: CT Page 3587
 Conspiracy to Commit Robbery in the First Degree — Twenty Years, Concurrent
Fourth Count:
 Aiding Kidnapping in the First Degree — Twenty Years, Concurrent
Fifth Count:
Conspiracy to Commit Murder — Twenty Years, Concurrent
(The total effective sentence was 20 years).
The petitioner appealed these convictions and the Connecticut Supreme Court found error in part and remanded the First, Fourth and Fifth Counts. It found no error on the Second Count of Conspiracy to Commit Robbery in the First Degree. Upon remand the State nolled Counts One, Four and Five and thereafter, on petitioner's motion, those three counts were dismissed.
The petitioner then filed a petition for Habeas Corpus seeking permission to file an application for Sentence Review in view of the foregoing events, and that request was granted with the matter being heard by the Review Division on March 19, 1991.
Petitioner asks that the Division consider reducing his sentence because, he claims, the sentence of twenty (20) years was based on convictions of three other counts which were ultimately dismissed. Further, he claims that of five (5) other participants in the incident (2 women and 3 other men), he was the least culpable of the males. The most culpable male, the petitioner points out, was sentenced to thirty (30) years, and a second, who was sentenced to twenty (20) years had his sentence reduced to seventeen (17) years by the Review Division, and the third male co-defendant, who was originally sentenced to seventeen (17) years had his sentence reduced to fifteen (15) years by the Review Division. The female co-defendants sentenced received lesser terms of imprisonment. The co-defendants' sentences were the result of plea-bargained guilty pleas.
The petitioner stands convicted of Conspiracy to Commit Robbery in the First Degree. In furtherance of the plan, the petitioner drove the van during the incident and evidence was presented to the jury that the petitioner participated in holding the victim down and searching her for money. For the purposes of this decision it is not necessary to recite the CT Page 3588 heinousness and brutality of this crime. While the petitioner apparently did not participate in the repeated sexual assaults on the victim, he participated in her robbery and bears responsibility for the ordeal of it. After the sexual assaults, the petitioner was driving the van to the point where the female co-defendants were to be dropped off and one of them said "You might as well go ahead and kill her. She's going to go the police." Following that statement, the petitioner drove to a secluded area where the two other men took the victim out of the van; still with a plastic bag over her head. When the victim somehow managed to break away, the petitioner picked up his co-defendants and drove away.
At his sentencing, the Court specifically noted that the sentence it was imposing was based on the facts of the trial and the petitioner's prior record.
The petitioner, who was twenty-three (23) years of age at the time of sentencing literally, as the Court noted, has had a lifetime of crime. At the age of sixteen (16) he was convicted of felonies which resulted in a sentence of confinement to Cheshire. On his release he violated parole and was again convicted of four (4) additional felonies. His criminal behavior was escalating from property crimes to crimes against persons.
Under all the circumstances of this case, the Review Division finds that the sentence imposed on the Second Count was justified. We are cognizant of the fact that the Supreme Court found the trial court's charge on duress to be erroneous, but there was no evidence of duress until after the crime of conspiracy to commit robbery occurred. Having entered into the conspiracy, the facts and circumstances which flow therefrom were appropriately considered in determining the sentence. We do not find that the sentence imposed on the Second Count was excessive or disproportionately harsh so as to require modification.
Klaczak, Norko and Barry, J's., participated in this decision.
KLACZAK, JUDGE NORKO, JUDGE BARRY, JUDGE